UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER S. JOHNSON,

               Petitioner,

v.

STATE OF WASHINGTON,

               Respondent.

No. C05-1283P

ORDER

This matter comes before the Court on a Report and Recommendation ("R&R") by the Honorable United States Magistrate Judge Monica J. Benton (Dkt. No. 8) on Petitioner's motion for injunctive relief (Dkt. No. 6). Petitioner, who is proceeding pro se and in forma pauperis, has filed objections to the R&R. (Dkt. No. 10). Having reviewed Petitioner's motion for injunctive relief, the R&R, Petitioner's objections, and the remaining record, the Court hereby ADOPTS the R&R and DENIES Petitioner's motion for injunctive relief for the reasons set forth below.

**<u>Underlying Petition</u>**

Petitioner has labeled the underlying petition in this matter as a "writ of prohibition." However, because the petition includes complaints about Petitioner's state court conviction and sentence, Judge Benton construed this pleading as a petition for a writ of habeas corpus under 28

ORDER - 1

U.S.C. § 2254. In his objections to the R&R, Petitioner denies that he is challenging his state court sentence or conviction in this action. Instead, he states that he filed a writ of prohibition "to stay his [state court] criminal appeal and for the enforcement of procedural law." (Dkt. No. 10, at 1). It appears that Petitioner is requesting a writ directed at the Washington Court of Appeals. (Dkt. No. 4 at 5-6).

In general, a writ of prohibition may not be brought in a federal district court to prohibit actions by a state court. See, e.g., Londono-Rivera v. Virginia, 155 F. Supp. 2d 551, 559 n.1 (E.D.Va.,2001) ("a federal district court cannot issue a writ to a state court"); Siler v. Storey, 587 F. Supp. 986, 987 (N.D. Tex. 1984) ("[w]rits of prohibition traditionally have been used by *appellate* courts to exert their revisory powers over inferior courts, but it is not an appropriate remedy to control jurisdiction of other nonsubordinate courts.") (emphasis in original). To the extent that Petitioner is seeking a writ of prohibition directed at the Washington Court of Appeals, such a writ would have to be filed in the Washington Supreme Court. See RCW 7.16.290 - .300.

Because Petitioner may not seek a writ of prohibition directed at the Washington Court of Appeals in this Court, this matter would have to be dismissed unless the underlying petition may be construed as a habeas petition under § 2254. In light of the Court's duty to liberally construe pleadings by pro se parties, the underlying petition may be construed as a petition for habeas relief, given the complaints in the pleading regarding Petitioner's state court conviction and sentence.

**Motion for Injunctive Relief**

In Petitioner's motion for injunctive relief, Judge Benton noted that he "appears to argue that Respondent has violated his constitutional rights by denying him access to his legal property, including seven legal boxes; assaulting him with anti-psychotic drugs; confining him against his will in a mental hospital on a mat on a concrete floor; and denying him access to the law library." (R&R at 2). As Judge Benton observed, such challenges to the conditions of Petitioner's confinement are properly brought in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas proceeding under 28

ORDER - 2

U.S.C. § 2254.  Indeed, Petitioner himself has previously raised similar claims in other § 1983 actions filed in this Court, including but not limited to case numbers C05-748P and C05-821JLR.  The Court further notes that because Petitioner has already had three actions dismissed as frivolous or for failure to state a claim upon which relief can be granted, he is subject to the "three strikes" rule of 28 U.S.C. § 1915(g).  See Johnson v. Vail, C05-748, Dkt. 10.  As a result, Petitioner can no longer proceed in forma pauperis in a § 1983 action in this Court unless he demonstrates that he is in imminent danger of serious physical injury.

In his objections to the R&R, Petitioner disputes that he is challenging the conditions of his confinement.  He maintains that he is only seeking an injunction to prohibit the Washington Department of Corrections from destroying seven boxes of his legal materials.  (Dkt. 10, at 5).  However, Petitioner's claim that he is being denied access to his legal materials is essentially a claim under § 1983.  See, e.g., Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir. 1989).  It should be noted that Petitioner raised similar claims regarding denial of access to legal materials in a § 1983 action filed in this Court under case number C05-821JRL, which was dismissed because Petitioner did not pay the required filing fee.  (Dkt. No. 7 in C05-821P).  Therefore, the Court agrees with Judge Benton's assessment that Petitioner's motion for injunctive relief must be brought in an action under § 1983, rather than a habeas proceeding under 28 U.S.C. § 2254.

## Conclusion

The Court ADOPTS the Report and Recommendation by Judge Benton (Dkt. No. 8) and DENIES Petitioner's motion for injunctive relief (Dkt. No. 6).  The Clerk is directed to send a copy of this Order to Petitioner and to the Honorable Monica J. Benton.

Dated:  November 30, 2005.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3